Case is 514-0222, Allen O'Neill v. James Eberts Mr. Flynn You're the appellant? Yes, Your Honor You may proceed Thank you You heard my speech about standing, didn't you? Yes Okay, okay It's that time Good morning, may it please the Court Mr. Gil, Mr. Kuhn My name is Andrew Flynn and I represent the plaintiff appellant in this matter, Allen O'Neill Now before we get started, there are two cases involved in this, in this appeal this morning The first one is Williamson County case number 2013-D-101 And just for ease of going through the argument, I'll just refer to that as the divorce case And the second case is Williamson County case number 2013-L-164 And I'll refer to that as the contract case Now, in this case, the defense, the defendants have filed a motion to strike Specifically, they're asking that anything that occurred in the divorce case after November 7, 2013 be stricken from the record They specifically discussed the record, pleadings, any references in the plaintiff's brief, all be stricken from the record Now, the reason for that is their position is that anything that happened after November 17, 2013 would be irrelevant And the plaintiff disagrees with that position Now it may be helpful just to provide a simple timeline to prove why that would be, why those issues after November 7 are relevant Now, the defense is correct that on November 7, 2013, the court in the divorce case ruled on the plaintiff's motion for reconsideration and motion for a new hearing However, after that date, there was a petition for rule of show cause filed on November 20, 2013 A verified petition for rule of show cause filed on November 26, 2013 An order for rule of show cause was entered on December 12, 2013 And then a hearing was finally held on February 4, 2014 The judge issued an order for rule of show cause on February 27, 2014 Now, it's important to remember that date On February 27, 2014, that is when everything was done in the divorce case Now, moving on to the contract case, the plaintiff's complaint was dismissed on March 4, 2014 So that was about a week after the divorce case had been finalized And looking at the court's decision in the contract case for dismissing the plaintiff's complaint The court stated in reviewing everything, including the Williamson County case number 2013-D101, the divorce case, that the court came to its decision You now are viewing the reason why you're incorporating the divorce record into the appeal of the contract record You took that motion with the case, the motion to strike Yes, Your Honor I hadn't ever dealt with the motion taken to the case, so I didn't know how much I needed to touch on it Okay, no, that's fine Do what you think is appropriate I just wanted to make sure what issue we were on I'm sorry, Your Honor. Yes, just on the motion to strike at this point So at that time, the court in the contract case had reviewed the divorce case And had issued its decision to dismiss the plaintiff's complaint in the contract case So at that time, the court stated that it had reviewed the entire divorce case in making its decision From there, the plaintiff filed a motion to reconsider on April 2, 2014 And the judge entered a decision on that on April 15, 2014 Again, the court in the contract case had considered the entire divorce case Now, in addition to that, the defense filed a request for judicial notice of the divorce case on January 3, 2014 And at the time that that request was made, the petition for rule of show-cause had been filed The verified petition for rule of show-cause had been filed The order for rule of show-cause had been entered And the hearing on the order for rule of show-cause were pending So at that time, when the defense asked for judicial notice of that case They asked for full knowledge that all of these things were pending And the court in the contract case would be reviewing all of those issues Were you the attorney of record at that time? At that time, yes When did you appeal the divorce? I discussed that with my client The plan we had elected not to But I guess that was a discussion that we had Anyway, with that request for judicial notice, the court did take judicial notice And reviewed the entire divorce So at this time, we're requesting that the motion to strike be denied So that you, like the circuit court, can review the entire file Now moving on to the issue at hand In this case, the plaintiff filed a two-count complaint Alleging alternatively breach of contract and promissory estoppel in the contract case And that case was dismissed by the circuit court on March 4, 2014 That case was dismissed based on the doctrine of collateral estoppel Now in order for collateral estoppel to bar a claim, three elements have to be met First, the issues of the two cases have to be identical Second, there has to be a final judgment on the merits in the previous case And third, the parties involved in both cases have to be the same or in privity with the prior parties In this case, there's no dispute that the third element is met The parties are the same, both the plaintiff and the defendant here Were the parties in the divorce case as well  Now the issues apparent in the divorce case were whether or not there had been a proper modification of the parties' child support obligation And the court held that there had not been a proper modification It had been informal, and so therefore it was unenforceable and not binding on the court Adversely, in the contract case, the issue is whether there had been a contract or an agreement or a promise Whether there was a breach thereof and resulting damages Now while the facts surrounding the case are similar, these cases are distinct And we know they're distinct because of the judgment that came later from the divorce court Specifically, the divorce court, we were before the court on an issue relating to past due health insurance premiums And specifically, the amount at issue in the contract case was discussed in the divorce case The $7,734 was discussed Specifically, the defendant, with his sworn testimony, repeatedly stated this amount of money was not child support Further, the defendant's counsel at that time stated this amount was not child support Do you think that's plural evidence? I mean, in your contract case, you attached the very same email and... There's another document I believe there was a letter and an email A letter, a letter and an email You attached the very same letter and email that you attached to your motion in the divorce case Arguing as to why she should get these $7,000 That's correct, Your Honor It's the same documents claiming that there was an agreement Yes Whether it was an oral agreement or a written agreement Or whether it was an oral agreement, evidenced by the writings, whatever you call it The fact that you want us to bring in the testimony that occurred after the decision And you want that testimony to be considered in the contract case Seems to me to be plural evidence where you're alleging a contract In this case, I think it just supports the position that the plaintiff had all along That this was not child support And in this case, the defendant agreed that it wasn't child support And the court ended up holding that it wasn't child support Are we allowed to consider plural evidence under the terms of your contract allegations? I think in this case you're allowed to Why? Is the contract unclear? Is it not contained in the four corners of the document? Or the agreement? I think the contract is clear that there was an agreement For this extra amount of money per month And that our allegations allege that this agreement was breached This extra testimony just supports the fact that the defendant stated the same thing The same thing So, why is the contract case different than the divorce case? Because the divorce case and the judge's decision only applied to the proper modification of child support And then later said, well this amount of money we're discussing isn't child support So initially, the judge's ruling was an improper modification of child support is not binding the court But this money you're talking about is not child support So that would be our position Did you make an argument in the divorce case That the marital settlement agreement did not require a writing Or that the parties could waive that issue? I personally did not. That was handled by a different attorney at that time And I don't believe that argument was made Did you see that in the marital settlement agreement? I believe that there was a provision in the marital settlement agreement That any modifications had to be made with the same formality as previous amendments And that's what the court held in the divorce case initially Saying that any improper modifications were unenforceable Well, there was another line after the line you quoted That said the failure by the party to insist upon strict performance Of any of the provisions of this agreement shall not be construed as a waiver Of the subsequent default of the same or similar measure Anybody argue that line? Not that I recall in the record So, isn't that what you're saying though Is that the contract case, which was done by email and a letter Was just an agreement that didn't follow the language Of the first line of the marital settlement agreement? Our position is that this is a separate agreement That was entered into by the parties Outside of the realm of the marital settlement agreement In this case, I found no case law that says Two parties who happen to have been married previously Cannot enter into a new contract for a separate issue In this issue, our allegations are that these funds were to be used To maintain the marital home Subsequent statements by both parties have confirmed that So it's our position that this argument in the contract case Falls outside of the realm of any previous decision Within the divorce case But does the marital settlement agreement that you're talking about That paragraph, does it pertain to child support only? Doesn't it apply generally? There were specific things listed for different items Including just memory service There were certain fees to be paid, things like that Like membership dues But there were additional things other than child support, yes No, but I'm talking about the modification language It's a modification or waiver of any of the provisions of the agreement So I'm confused on why we're talking child support I don't understand that It's the plaintiff's position that the original divorce judgment Was only to offer a modification of child support This contract action is outside the realm of a marital Out of the parties' marital settlement agreement Why? You used the same exact evidence that you used in the marital Because the court in the divorce case told us it's not child support So if it's not child support, then what is? Why does it have to be child support? Well, it's funds that, there's clearly statements made Promises, contracts, whatever, that were made by the parties If it's not child support, and it's for a specific function Like paying for a mortgage on a home That was not covered by the marital settlement agreement Like I said, it's our position that it's a separate contract There's no case law that says that can't be done Two parties can't enter into a separate contract Outside their realm of a marital settlement agreement I don't think this issue in the marital settlement agreement was ever brought up So it's our position that this is a separate contract That wasn't covered by the marital settlement agreement And that wasn't ever ordered or The judgment in the divorce case doesn't control Is our position So that just kind of, we kind of went over some of the things I planned on discussing next But, there's Sorry No, thank you, I appreciate that But basically, our position is there was no other obligation To make the defendant pay this money through the marital settlement agreement Or any other previous judgment So that's why it's our position that this is a separate document And so that kind of draws the distinction between Whether this was identical causes of action to this Our position was not Now, the second element is whether there was a final judgment on the merits Of course there was a final judgment on the merits of the divorce issue That was whether or not there was a Proper modification of the child support obligation And then whether or not this money we're talking about was child support This would be a separate issue than whether there was a contract or an agreement or a promise Whether there was a breach thereof And whether damages ensued So, because of those reasons We respectfully ask that the decision of the circuit court be reversed and remanded Do you have any other questions for me at this time? Thank you Thank you Okay Mary Gilch Good morning  Myself, along with my co-counsel Daniel Toomey Are here on behalf of the appellee, Mr. Ebert And I just want to briefly touch on the motion to strike And then move on to the argument But it's our position that that portion of the divorce case Although we did ask that judicial notice be taken of it But that portion had happened after the relevant orders The relevant order of November 7, 2013 is irrelevant in this proceeding And be stricken from the record As well as any reference to it in the brief for the religious cause hearing Do you agree that the trial judge used the divorce record in making his decision? I feel that there is not an exact clear answer on that either way The arguments in there The arguments during the hearing I was not counsel during the divorce case But the arguments during the hearing in the contract case Didn't reference this rule to show cause hearing I don't believe it had occurred yet And it's unclear whether the judge when he went to look at the file Would have looked at the rule of show cause hearing or not But based on the arguments that we had Which was that the motion for judgment filed by Ms. O'Neill Had been ruled upon and had been dismissed Because it wasn't a proper modification of the marital settlement agreement And then there was a motion for reconsideration And the court said no That there was not going to be a new hearing And reconsidered it and held by the motion to dismiss And then the contract case was filed And I argued collateral estoppel and res judicata at that time And argued about the dismissal of the earlier action So it wasn't I feel that it's not relevant to look at the rule of show cause hearing That happened then At some point in there The judge ruled very quickly on the motion to dismiss As well as the motion to reconsider So it's not clear whether he would have looked at it But regardless Still though Regardless of whether those are included or not Included in it The decision of the trial court should still be affirmed Because on both the basis of collateral estoppel And also our alternatively res judicata The order is clear from the written docket entry That the court dismissed the case based on collateral estoppel But as this court is aware You can't affirm on any basis That was argued in the trial court in the briefs And res judicata would also bar Relitigation of this cause of action The appellant's counsel is correct In stating the elements of collateral estoppel And I think it's to the heart of the matter The only element that really is in dispute here Is the element as to whether it was the same issue In the present case In the contract case As was the issue in the divorce case It is the same issue There's been some discussion As to whether it was called child support And I believe that it's the appellant's position That that judicial cause hearing gets into Whether it was called child support or not But really regardless of what it's called And how it's identified It is a payment of $77.34 per month And if you look at it in its most basic form The question in the divorce case The issue was whether Mr. Eberts Was obligated to pay $77.34 total per month To Ms. O'Neill Until which time each child turned 21 That is the same issue alleged in the contract case Were there payments made after the letter was written? Yes, Your Honor There were payments for approximately a year And in fact in the motion for judgment in the divorce case There's an equitable argument that Ms. O'Neill raised That says the mere fact that Eberts may make an agreement Follow said agreement for over a year And unilaterally breach the agreement Is patently unjust Which uses a lot of contract terms Really when you look at the marital settlement agreement In basic form is an agreement It's a contract And regardless of whether he could have chose Ms. O'Neill could have chose to just try to enforce this letter On its own in a contract case Or done it in the divorce case She chose to do that in the divorce case And make these arguments In the divorce case Her motion for judgment talks about As this Court accurately points out It's the same exact exhibits It's the same really a prayer for relief It's the same terminology Alleging that there was an agreement To extend the marital settlement agreement To pay the $77.34 That the email and the letter Confirmed the party's agreement So every time she received a check Then they could have waived That could have been deemed a waiver Because of the strict requirements of signature And no agreement I believe they could have argued that And could have argued that in the divorce case And as this Court asked And I referenced in my brief There was no appeal of the divorce case If there was an issue With what was argued in the divorce case It would have been more proper To have appealed that case And looked at the issues that were raised And how they were argued And raised that waiver Unfortunately neither of us Being present at the hearing And no transcript of that hearing On the motion for judgment And the motion to dismiss hearing From the pleadings I'm aware that Mr. Eberts argued That the parties did not modify The marital settlement agreement correctly With the same formalities And the Court noted that in its order It's a little bit unclear What was discussed about the waiver argument However, in the Appellant Counsel's Motion to reconsider The waiver argument though Could have been made And that really gets to The concept of res judicata as well Not to jump around a lot But res judicata Was not only the issues That were actually raised In the prior proceeding But also the issues Which could have been raised In the prior proceeding So this waiver argument Could have been raised And should have been raised In the divorce case As well, Appellant did have representation On the motion for reconsideration And a motion for a new hearing And it was raised And the record reflects those documents That one of the arguments made Was that Ms. O'Neill Didn't have proper representation At the motion to dismiss hearing And so she should be able to Have counsel And be able to have a new hearing And be able to argue additional things And that was denied And if that was disagreed with By Ms. O'Neill's counsel Again, it would have been proper To appeal that decision That order As well, and to raise those issues In the divorce case Instead of really trying to get a second bite By filing a new contract case And re-litigating these same claims Again, this issue as to what it's called Whether it's child support or not I think it is clear That it's more than just child support It's not all child support And it's not none of it child support It's really a combination of several things And clear from a couple of the documents That the payments are A couple different things added together And the marital settlement agreement Provided for child support It provided for other payments On behalf of the children Including, but not limited to Lessons, education, medical expenses So there were other A number of different payments That went into this So the important thing is The payment amount stayed the same The payment amount Under the marital settlement agreements That continued through 2000 Really June of 2012 That Mr. O'Neill was obligated Under the marital settlement agreement Was 7734 Then the letters and emails Said he would continue it And they lumped it together And called it child support For a while Until all this testimony About exactly what it was But the letter and email Said he would continue The child support payments Of 7734 through the end of 2014 Whether that was a valid agreement Whether his payments Would have been a waiver Of the terms of the marital settlement agreement And whether he breached that By stopping prior to the end of 2014 All were the issues in the divorce case Should have, could have, or were Raised in the divorce case All about the payments And this then agreement To continue the payments itself So whatever it's called Is not as relevant as what it was Which was the payment of the 7734 And I think also why A lot of the terminology In the motion for judgment Really references this contract language The agreements The breach Actually using the word breach Of the agreement Unilaterally breaching the agreement A little bit further on The race student how to issue Again, three elements And Mr. Flynn did not get into those But really they're very similar Three elements Identity of the parties Identity of the cause of action And a final judgment on the merits Again, I believe that the two elements Are not an issue The parties are the same There's a final judgment on the merits Although the House Counsel feels It was a different type of issue raised But really the heart of the argument Is the identity of the cause of action And I think as I had stated That race judicata Is not only the issues That were actually raised But could have been raised And really the State Supreme Court Has made it very clear That if the same facts Are essential to the maintenance Of both proceedings Or the same evidence Is needed to sustain both Then there is identity Between the allegedly Different causes of action And race judicata Bars the second action And the State's courts have said That in fact it's an absolute bar To the second action And it's very clear The prayer for relief is the same But very importantly The two sole exhibits Attached to both cases The main document in both cases The motion for judgment And the complaint Are the same Same email And the same letter So really it is the same evidence If you look through the exhibits In the trial On the motion for judgment There are several copies Of those letters And several copies Of that email As well as more In the email stream But it is clear That it's the same set of evidence The same group of facts In fact Appellants counsel In the brief And in their reply In the brief at page 9 And in the reply at page 3 Admits That The two cases The divorce case And the contract case Quote Are established by the same set of operative facts End quote And then goes on to Try and distinguish Why it's a different issue Or a different set of circumstances But the basic premise That it's the same set of operative facts Has been admitted As this court is aware Race judicata And the purpose of it is You know To promote judicial economy To prevent unjust burden On re-litigation When it's essentially the same case The Founded on the most plainest And substantial justice That litigation should have an end And in this case Both elements of collateral estoppel Which the trial court Ruled Required dismissal of the case But also The elements of race judicata Have been met Both requiring Dismissal of the contract case And for those reasons I ask that the Trial court's decision be affirmed Rebuttal I just briefly wanted to touch on the alternative Preferably for race judicata I didn't touch on that In my initial argument with you guys But I think the same arguments That I made previously Related to collateral estoppel Would apply In addition to issues That could have been raised Previously in the divorce case If the court held That this was not child support Or unrelated to American settlement agreement That issue could not have been heard In the divorce case As they're limited by the act In that court So if the court finds That it was unrelated to those items It could not have been heard In the divorce case It would have had to have been A separate action And a contract cause of action Do you agree that your brief Admits Identity of issues? I believe I agree that it Revolves around the same set of facts And there's no Hiding from that in any way But In looking at the arguments That have been made By the defendant Involved in the contract case And the defense case And you look at the records He argues that It's child support When it's convenient For it to be child support And he argues It's not child support When it's convenient For it not to be child support So So what? Meaning In the court There's a settlement agreement In the document That's a contract Under the law Already Yes It covers all kinds of things And in the One of those things It did not cover Was the separate payment For mortgage payments Until the kids Reached the age of 22 It didn't discuss that So that's why Again it's our position That this would be A totally separate contract So for those reasons We would ask that This issue be reversed Unless you have any other questions Thank you Okay Thank you very much The case will be taken Under advisement This position Issue with the courts Will be in Short recess All rise